IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARK JOSEPH and<br>MARY JOSEPH, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:05CV421 |
| vs. | )<br>) | ORDER |
| WESTERN STAR TRUCKS and<br>DETROIT DIESEL CORPORATION, | )<br>)<br>) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion to Extend Deadline for Disclosure of Expert Witnesses (Filing No. 60). On February 28, 2007, the plaintiffs filed the instant motion seeking an extension of the deadline for disclosure of exert witness from February 28 until March 30, 2007. The plaintiffs stated the extension was needed to complete two additional depositions and determine whether an expert witness was warranted.

On March 13, 2007, within rule time to respond, the defendants filed a brief opposing the extension of time. **See** Filing No. 63. The defendants argue the plaintiffs should be required to show excusable neglect for their untimely motion, filed on the deadline they sought to extend, pursuant to Fed. R. Civ. P. 6(b)(2). Alternatively, the defendants contend the plaintiffs cannot meet the lesser standard of good cause pursuant to Fed. R. Civ. P. 6(b)(1). The defendants allege the plaintiffs had failed to conduct any formal discovery to date and had yet to notice a deposition, even though the case was filed in August of 2005. Further, the defendants state the plaintiffs were on notice for at least four months of the deadline for disclosing expert witness reports, but were still unsure whether they would require an expert witness at all. Finally, the defendants argue an extension of the expert witness deadlines would require other progression deadlines to be extended. In particular, if the plaintiffs' motion is granted, the defendants seek an extension of their own expert disclosure and the ***Daubert*** motion deadlines.

On March 23, 2007, within rule time for reply, the plaintiffs filed a reply brief. **See** Filing No. 64. The plaintiffs contend they have "shown cause" for the extension as required under the applicable rule, Fed. R. Civ. P. 6(b)(1), and a higher standard does not apply. Further, the plaintiffs argue the deposition deadline has not yet expired and they are entitled to take additional depositions. Finally, the plaintiffs state at the time of filing their motion, they "were under the impression that no opposition would be made," but when the opposition was filed they decided not to take action on the "actions contemplated by their Motion." **See** Filing No. 64, p. 3. For that reason, the plaintiffs seek additional time, of 15 to 20 days, to "conduct the actions contemplated by their Motion." ***Id.***

Under Fed. R. Civ. P. 16(b) a progression order schedule "shall not be modified except upon a showing of good cause." "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (citations omitted) (**paraphrasing** Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)). Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." ***Financial Holding Corp. v. Garnac Grain Co.***, 127 F.R.D. 165, 166 (W.D. Mo. 1989).

The court finds the plaintiffs failed to provide good cause for the inadequate discovery to date and extension of time. **See** Fed. R. Civ. P. 16(b); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001). The plaintiffs did not make any effort to take the relevant depositions during the pendency of this motion "to finalize their determination as to whether an expert witness is necessary" or explain who they would depose or how such depositions would aid their determination. In addition, the plaintiffs fail to explain why the previous deadline could not be met despite counsel's diligent efforts, why the relevant depositions could not have been taken earlier or what information they are waiting to attain.

Furthermore, the plaintiffs have created ongoing delays throughout the pendency of this action. The plaintiffs filed this case on August 30, 2005. **See** Filing No. 1. In April and May 2006, the plaintiffs filed three separate motions to extend the deadline to add parties or amend the pleadings due to a delay in obtaining necessary written discovery. **See** Filing Nos. 15, 17 and 19. In June 2006, the plaintiffs moved to extend the progression

order deadlines noting no depositions had yet been conducted and stating that due to the complexity of issues, the plaintiffs would need additional time to complete discovery, particularly with the addition of a new party.  **See** Filing No. 26.  While the Amended Complaint was filed on June 2, 2006, the plaintiffs did not seek summons or serve the newly added defendant until September 2006.  **See** Filing Nos. 37 and 38.  Due to the late service, the scheduling conference was continued at the plaintiffs' request and the final progression order was entered on November 6, 2006.  **See** Filing Nos. 41, 42 and 46. Under the circumstances, the plaintiffs have failed to show good cause for additional delays or why the original deadlines could not be met despite counsel's diligent efforts.  Finally, the extension requested in the instant motion would likely require rescheduling of other deadlines in this case.  Accordingly, the Rule 16 deadline must govern.  Upon consideration,

**IT IS ORDERED:**

The  plaintiffs' Motion to Extend Deadline for Disclosure of Expert Witnesses (Filing No. 60) is denied.

DATED this 3rd day of April, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge