IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK JOSEPH and MARY JOSEPH, | Case No. 8:05cv0421 |
| Plaintiffs, | |
| v. | BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE |
| WESTERN STAR TRUCKS and DETROIT DIESEL CORPORATION, | |
| Defendants. | |

Plaintiffs, Mark and Mary Joseph, submit this Brief in Support of their Motion to Strike.

**INTRODUCTION**

On August 30, 2005, Plaintiffs, Mark and Mary Joseph, filed a Complaint against Western Star Trucks ("Western Star") regarding a defective semi truck, VIN #5KJJABCK34PM20541, (the "Truck") that was manufactured by Western Star. (Filing No. 1). On June 2, 2006, Plaintiffs filed an Amended Complaint adding Detroit Diesel Corporation ("Detroit Diesel") as a Defendant and clarifying Plaintiffs' claims for breach of express and implied warranties and violation of the lemon law. (Filing No. 24). On April 6, 2007, Defendants filed separate Motions for Summary Judgment with supporting briefs and evidence indices seeking the dismissal of Plaintiffs' claims. (Filing Nos. 70 through 75).

Due to the Defendants' failure to comply with NECivR 7.1(a)(2)(C), Federal Rule of Evidence 702 and *Daubert* and the existence of hearsay, portions of the Defendants'

evidence offered in support of their Motions for Summary Judgment should be stricken.

## ARGUMENT

In support of their Motions for Summary Judgment, Western Star and Detroit Diesel offered identical types of evidence and filed nearly identical evidence indices. (Filing Nos. 72 & 75). The evidence offered by both Defendants consists of:

Exhibit 1:   Excerpts from the Deposition of Mark Joseph;

Exhibit 2:   Warranty Documents;

Exhibit 3:   Affidavit of Lee Grund; and

Exhibit 4:   Affidavit of Dave Struby.

*Id.* Neither Western Star or Detroit Diesel filed an authenticating affidavit regarding Exhibits 1 and 2 or their respective evidence indices. *Id.*

NECivR 7.1(a)(2)(C) (2007) provides that:

> [a]ny documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

The Defendants' failed to file an affidavit authenticating Exhibits 1 and 2 and, as a result, failed to comply with NECivR 7.1(a)(2)(C). Thus, Exhibits 1 and 2 from each of the Defendants' evidence indices should be stricken. (Filing Nos. 72 and 75).

The remaining two exhibits to each of the Defendants' evidence indices are the affidavit of Lee Grund and the affidavit of Dave Struby. *Id.* at Exhibits 3 and 4. The affidavit of Lee Grund attempts to authenticate various documents, establish certain facts and provide expert testimony regarding the condition of the Truck at the time of trade in. (Filing Nos. 72 and 75, Exhibit 3). The affidavit of Dave Struby provides

2

alleged expert testimony relating to the value of the Truck. (*Id.* at Exhibit 4). Both affidavits contain inadmissible hearsay, do not satisfy the requirements of Federal Rule of Evidence 702 and *Daubert,* and should be stricken.

As the Court knows, Federal Rule of Evidence 801 (2007) defines hearsay as:

> [a] statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.

Federal Rule of Evidence 802 (2007) provides that:

> [h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

Exhibit C of Lee Grund's affidavit, a check in list related to the Truck, is inadmissible hearsay. (Filing Nos. 72 & 75, Exhibit 3). Similarly, paragraphs 6 and 7 and Exhibit A of Dave Struby's affidavit are inadmissible hearsay. (Filing Nos. 72 & 75, Exhibit 4). The information contained in paragraphs 6 and 7 and Exhibit A of Dave Struby's affidavit are inadmissible hearsay because the information is clearly something communicated to Dave Struby by Lee Grund. *Id.* As a result, these paragraphs and Exhibit A of the affidavit of Dave Struby should be stricken.

In addition to containing inadmissible hearsay, both affidavits contain proposed expert testimony that does not meet the requirements of Fed. R. Evid. 702 or *Daubert*. In *In re Acceptance Insurance Companies, Inc.*, 352 F.Supp.2d 940, 946 (D.Neb. 2004), the defendant asked the court to strike the affidavits of the plaintiff's expert witnesses offered in opposition to defendant's motion for summary judgment. After determining that the experts had been timely identified, the court stated, "that does not end the inquiry because the affidavits still must satisfy the requirements of Fed.R.Civ.P. 56(e), Fed.R.Evid. 702, and the requirements set forth in *Daubert*, 509 U.S. 579, 113 S.Ct.

3

2786, 125 L.Ed.2d 469 (1993) and *In Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)." *Id.* at 947.

In beginning its analysis of the testimony contained in the affidavits, the court stated that:

> [u]nder *Daubert* and *Kumho*, this Court is required to screen proffered expert testimony for relevance and reliability. … A reliable opinion must be based on scientific methodology rather than on subjective belief or unsupported speculation. … Furthermore, the expert's information or opinion must 'assist' the trier of fact to understand or determine a fact in issue.
>
> In the first part of the *Daubert* analysis, the Court must consider 'whether the expert's testimony pertains to scientific knowledge. This task requires that the district court consider whether the testimony has been subjected to scientific method; it must rule out 'subjective belief or unsupported speculation.''

*Id.* at 947.

The court then went onto identify factors to be considered when assessing the reliability of the expert's proposed testimony. *Id.* "[T]he Court should consider factors including whether the proposed expert's theory, methodology or technique: 1) can be and has been tested; 2) has been subjected to peer review; 3) has a known or potential rate of error; 4) is generally accepted by the relevant community; 5) ruled out alternative explanations; and 6) sufficiently connected the proposed testimony with the facts of the case." *Id.*

In analyzing the affidavits offered by the plaintiff, the court in *Acceptance* found that both affidavits failed to satisfy the *Daubert* analysis because, among other things, the experts did not explain how they reached their opinions or the analytical process used to reach the opinions. *Id.* at 948. In addition, the court found one of the affidavits failed to satisfy the requirements of Rule 56(e). As a result, both of the experts

4

affidavits were stricken.

Similar to the affidavits addressed in *Acceptance*, the affidavits in the present case fail to explain how the proposed experts reached their opinions or the analytical process used to reach their opinions. Lee Grund's affidavit provides that he did not detect any problems with or defects in the Truck or the Truck's engine. (Filing Nos. 72 & 75, Exhibit 3). However, Mr. Grund fails to explain what portions of the truck he examined, what he did during his examination, what methodology he used in determining if a defect existed and what were the bases of his conclusions. *Id.* As a result, Mr. Grund's affidavit fails to meet the requirements of Fed.R.Evid. 702 and *Daubert*.

Likewise, in Mr. Struby's affidavit, Mr. Struby purports to reach a conclusion as to the value of the Truck at the time of trade in without proper support. (Filing Nos. 72 & 75, Exhibit 4). Mr. Struby explains an alleged process for determining the fair market value of a truck, but fails to explain who utilizes such factors and who has determined that these factors are the factors utilized to determine the value of truck. *Id.* Thus, from the affidavit, there is no way to determine whether the formula is a formula that Mr. Struby has developed or an industry standard. Even if Mr. Struby has set fourth the proper standard for determining fair market value, Mr. Struby does not explain how he applied that standard to reach his conclusions. *Id.* Rather, Mr. Struby simply supplies his conclusion and thus, his affidavit should also be stricken.

## **CONCLUSION**

For the foregoing reasons, the Court should strike Defendants' evidence offered in support of their Motions for Summary Judgment.

Dated this 9th day of May 2007.

        MARK JOSEPH AND MARY JOSEPH,
Plaintiffs,

By: s/ Heather S. Voegele
   Heather S. Voegele, #22730
   Rachel L. Theilmann, #23458
   KOLEY JESSEN P.C.,
   A Limited Liability Organization
   1125 South 103rd Street, Suite 800
   Omaha, NE  68124
   (402) 390 9500
   (402) 390 9005 (facsimile)
   Heather.Voegele@koleyjessen.com
   Rachel.Theilmann@koleyjessen.com

Attorneys for Plaintiffs.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of May 2007, I electronically filed the foregoing Brief in Support of Plaintiffs' Motion to Strike using the CM/ECF system which sent notification of such filing to the following:

Bryan S. Hatch
Victor C. Padios
Stinson Morrison Hecker LLP
1299 Farnam Street, Suite 1501
Omaha, NE 68102

        s/ Heather S. Voegele